UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CYNTHIA KOSKEY,

      Plaintiff,

v.                                                         Case No. 19-cv-612-pp

HOFFE AND ASSOCIATES LLC,
and KESWICK SLAD ASSOCIATES LLC,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 8)

The plaintiff filed a complaint alleging that the defendants violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et al.* and the Wisconsin Consumer Act, Wis. Stat. §421, *et seq.* Dkt. No. 1. On July 16, 2019, the plaintiff filed the return of service for each defendant indicating that the process server served the summons and complaint on May 1, 2019. Dkt. Nos. 4 and 5. The same day, plaintiff's counsel asked the clerk to enter default, because the defendants had not answered. Dkt. No. 7. The clerk entered default the following day. On July 22, 2019, the plaintiff filed a motion for default judgment, asking the court to award judgment in her favor and to award her the statutory amount plus costs and fees. Dkt. Nos. 8, 9. The court will deny the motion without prejudice for failure to provide proof of damages.

1

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff filed a return of service for each defendant executed by process servers with HPS Process Service & Investigations in Kansas City, Missouri. Adam Golden served defendant Hoffe & Associates, LLC, c/o Business Filings Incorporated, at 108 West 13th Street, Wilmington, Delaware, 19801, on May 1, 2019 at 11:20 a.m. through its registered agent, Robin Hutt-Banks. Dkt. No. 4 at 1. Service appears proper with respect to this defendant.

The court cannot tell whether service was proper on the second defendant, Keswick Slade Associates, LLC. Both the summons and the case caption identify the defendant as Keswick Slad Associates. The plaintiff served "Keswick Slad Associates, LLC," c/o Business Filings Incorporated, 187 Wolf Road, Suite 101, Albany, New York, 12205, on May 1, 2019, at 3:55 p.m. through its "authorized agent," Jen Carey. Dkt. No. 5. The New York Department of State, Division of Corporations, indicates that the address at which the plaintiff served this defendant is the same address listed as its DOS process address (the address to which the DOS would mail process if accepted on behalf of the entity) and that Keswick Slad*e*, a Delaware Corporation, has no registered agent. The State of Delaware Department of State identifies the

2

same registered agent for Keswick Slad*e* as it does for Hoffe & Associates: Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware, 19801.

In the plaintiff's brief, the plaintiff argues—without evidence or authority—that "representation of an individual at the corporation stating they were an authorized agent is sufficient service." Dkt. No. 9 at 3. The process server simply checked "corporate service" by serving "Jen Carey" as "Authorized Agent." Dkt. No. 5 at 1. He did not indicate whether Jen Carey said she was the authorized agent. Without more, the court does not know whether service on "Jen Carey" in Albany, New York constitutes service on "an officer, or managing or general agent or any other agent authorized by appointment or by law to receive service of process" as required by Fed. R. Civ. P. 4(h)(1)(B). Accordingly, the court denies without prejudice the motion as to Keswick Slad (or Slade) Associates LLC.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 8)

Because default is proper as to Hoffe & Associates LLC, the court moves to the second step—default judgment under Rule 55(b)—as to that defendant. Fed. R. Civ. P. 55(b). At this stage the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of

3

damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

Taking the allegations in the complaint as true, the plaintiff has established liability as to Hoffe & Associates LLC. The court has subject matter jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 and venue is proper under 28 U.S.C. §1391(c). Dkt. No. 1 at 1-2. The plaintiff alleges that Hoffe & Associates LLC is a debt collector within the meaning of 15 U.S.C. §1692a(6). Id. at 2. The defendant contacted the plaintiff to collect a debt in 2019—more than six years after the alleged debt had gone into default. Id. The plaintiff says the defendant did so with the knowledge that it had no right to collect the debt. The statute of limitations in Wisconsin for the right and remedy related to the debt is six years. Wis. Stat. §893.43. Section 1692e(2) for the FDCPA bars a debt collector from making a false representation about the amount of debt owed. 15 U.S.C. §1692. Similarly, the Wisconsin Consumer Act prohibits a debt collector from engaging in conduct reasonably expected to harass the customer or person related to the customer. Wis. Stat. §427.104(h).

While that takes care of liability, however, the district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures

4

contained in the documentary evidence or in detailed affidavits." Id. (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The court does not have enough information to award the damages the plaintiff seeks. Under the FDCPA, the plaintiff is entitled to "statutory" damages not to exceed $1,000. 15 U.S.C. §1692k(a)(2)(A). The FDCPA instructs the court to consider the following facts when deciding what damages to award: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b)(1). Under the Wisconsin Consumer Act, the plaintiff may recover statutory damages and actual damages, including any incidental and consequential damages. Wis. Stat. §425.304. The plaintiff seeks from each defendant damages in the amount of $1,000 under the FDCPA and $1,000 under the Wisconsin Consumer Act. In addition, she asks for $3,000 in punitive damages from each defendant, as well as costs and fees (assessed jointly and severally). Dkt. No. 9 at 6.

The complaint does not state how many times the defendant called. Dkt. No. 1 at ¶10. The plaintiff disputed the debt; the defendant provided information that the debt was more than six years old. Id. at ¶¶11, 12. The plaintiff says the defendant acted intentionally, causing her "anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions." Id. at ¶¶21, 28. But the plaintiff has not filed an affidavit indicating how she arrived at her request of $3,000 in punitive damages. She has not provided

5

corroboration of the costs and fees she says she incurred. The court has no way to assess whether the award the plaintiff demands from Hoffe is reasonable.

## III. CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 8.

If the plaintiff wishes to renew her motion for default judgment, she may do so by the end of the day on **March 6, 2020**. If the plaintiff renews her motion, she must demonstrate that service was proper as to Keswick Slade, and must support any request for an award of damages with documentation. If the plaintiff does not file a renewed motion for default judgment (or indicate that she plans to proceed in some other fashion) by the end of the day on March 6, 2020, the court may dismiss the case for failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 4th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**